

LAURIE HIGGINBOTHAM
*Attorney*

laurie@trial.law
1114 Lost Creek Blvd., Ste. 410
Austin, TX 78746
(512) 476-4346 (w)
(512) 476-4400 (f)

December 22, 2025

Via Electronic Filing
Honorable Zahid N. Quraishi, U.S.D.J.
U.S. District Court for the District of New Jersey
402 E. State Street
Trenton, NJ 08608

    Re:  *Hochman, et al. v. United States*, No. 25-13510
          Response to Request for Leave to File Motion to Dismiss

Dear Judge Quariashi:

We represent David Hochman and Leigh Ann Hochman in the above-referenced case. Pursuant to the Court's Judicial Preferences, I am providing you with Plaintiffs' response to Defendant's request for leave to file a motion to dismiss the Complaint. The Court should deny the request to file a motion to dismiss and allow parties to take discovery. The Government's motion is better suited for a summary judgment posture after adequate time for discovery.

On July 27, 2023, David Hochman was mailing a letter at a sidewalk mailbox at the Monmouth Beach Post Office when an elderly driver mistook his brake for the accelerator, drove over an unsecured parking lot wheel stop, and pinned Mr. Hochman against an exterior wall, crushing his leg and requiring an above-the-knee amputation. The Hochmans filed suit for negligent undertaking and premises liability under the Federal Tort Claims Act, 28 U.S.C. §2674.

The United States argues that the FTCA's discretionary function exception shields it from liability and seeks to dismiss the case before discovery. But the discretionary function exception does not bar this claim because Plaintiffs have alleged that the Postal Service failed to perform nondiscretionary acts that were operational lapses, not policy choices.

The discretionary function exception only applies when the government action in question is "the kind that the discretionary function exception was designed to shield," that is, actions that are "based on considerations of public policy." *Spotts v. United States*, 613 F.3d 559, 568 (5th Cir. 2010). But there are several cases supporting recovery against the Postal Service for premises liability claims involving parking lot injuries where Plaintiffs have distinguished between protected policy-level decisions and unprotected operational-level conduct.

For example, in their Complaint, Plaintiffs cited the US Postal Service Standard Design Criteria Handbook which expressly mandates, "Avoid using wheel stops." *See* Handbook AS-501, June 17, 2010, 1.2.4.2., p. 9. Yet at the Monmouth Beach Post Office, the US Postal Service permitted the haphazard placement of unsecured wheel stops in the parking lot in violation of this written policy. Plaintiffs allege that the misplaced wheel stops launched the vehicle like a ramp onto the sidewalk. The failure of the Monmouth Beach Post Office to follow a mandatory written Postal Service design policy renders the discretionary function exception inapplicable. Courts have emphasized that the existence of mandatory design standards can create non-discretionary duties that overcome the exception, as in *Walen v. United States*, 246 F.Supp.3d 449, 463 (D.D.C. 2017). There may be additional written policies that Plaintiffs should be permitted to seek in written discovery that would further defeat a motion to dismiss. Because the Government is the custodian of such evidence, the Plaintiff cannot make their case fully without discovery.

Other federal courts have allowed premises liability claims against the Post Office by distinguishing operational decisions from policy choices. In *Koussa v. United States*, the Rhode Island District Court denied the government's motion to dismiss when a patron tripped over a speed bump in the parking lot. 261 F.Supp.2d 91, 95 (D.R.I. 2003). The court held that not every decision its employees make are so closely related to the USPS mission as to be considered government policy worthy of protection. In *Gonzalez v. United*

*States*, the Southern District of New York held that the Postal Service's decision to implement a queuing system using ropes and stanchions was not a policy decision protected by the discretionary function but was an operational choice that involved no uniquely governmental considerations. 690 F. Supp. 251, 255 (S.D.N.Y. 1988). Likewise, the failure to inspect and warn of parking lot safety hazards was held to be outside of the discretionary function exception in *Parrish v. United States*, 157 F.Supp.3d 434, 443 (E.D.N.C. 2016).

In conclusion, prior to dismissal, Plaintiffs are entitled to discovery to establish a factual support for their allegations that the Postal Service failures in this case were nondiscretionary acts that were operational lapses, not policy choices. The Court should not dismiss the case before the Hochmans have further discovery on these issues. Plaintiffs should be allowed to discover facts pertaining to US Postal Service design manuals, regulations and requirements, as well as information about the repaving project that caused the unauthorized wheel stops to be placed in the wrong location and all parking lot inspections that took place.

As Plaintiffs noted in their Complaint, these parking lot pedestrian accidents have occurred over 185 times at US Post Offices since 2011 alone, including seven times in New Jersey. In 2012, crashes at a Tampa Post Office were so prevalent that the Florida Postmaster issued a specific written warning urging customers to drive carefully. Given that other courts have held that the failure to warn does not fall within the discretionary function exception, Plaintiffs would urge the Court to deny the Government's request to file a motion to dismiss until after discovery is complete.

                                          Sincerely,

                                          Laurie Higginbotham